**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| LORI WIGOD, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Case No. 1:19-cv-00391 |
| v. | Hon. Manish S. Shah |
| OCWEN LOAN SERVICING, LLC, a Delaware limited liability company, | |
| Defendant. | |

**INITIAL STATUS REPORT**

**1.     The Nature of the Case**

      a.     Identify the attorneys of record for each party, including the lead trial attorney.

For Plaintiff and the alleged class:     Steven L. Woodrow, Woodrow & Peluso, LLC, 3900 E. Mexico Ave., Ste 300, Denver. Colorado 80210

For Defendant Ocwen:     Simon Fleischmann, Locke Lord LLP**,** 111 South Wacker Drive, Chicago, Illinois 60606

      b.     State the basis for federal jurisdiction.

The Parties dispute the existence of federal jurisdiction as set forth in the briefing on Plaintiff's Motion for Remand. Specifically, defendant Ocwen removed this matter asserting that there exists at least $5 million at issue (so as to trigger subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)) and Plaintiff disputes this.

      c.     Describe the nature of the claims asserted in the complaint and any counterclaims.

Plaintiff claims that she and others were unlawfully assessed fees for making online payments prior to the date the existence of such a fee was disclosed. Ocwen disputes this.

      d.     State the major legal and factual issues anticipated in the case.

1

Plaintiff's Position: The case should be remanded due to a lack of jurisdiction. To the extent the Court disagrees, the issues in the case will be the amount of money assessed by Ocwen for the specific fee change challenged in this lawsuit, Owen's disclosure of the fee and attempts to notify customers of the fee, Owcen's communications with Plaintiff, Owen's maintenance of data regarding who was charged such fees, and similar class and merit-based issues.

Defendant's Position: If this Court satisfies itself that it has CAFA jurisdiction, Ocwen intends to defend this case on the basis of the terms of use of its website, which Plaintiff assented to by using the website, and which provided notice of all fees prior to Plaintiff's online payment. Ocwen also plans to defend this case on the basis of the voluntary payment doctrine, as well as Plaintiff's failure to comply with the notice-and-cure provision in her loan agreement prior to brining suit. Ocwen plans to raise these issues on a motion to dismiss under Rule 12(b)(6), along with other pleadings-based arguments, including, among other things, that the class allegations should be stricken because Plaintiff cannot represent a nationwide class based on alleged violations of Illinois law.

      e.      Describe the relief sought by the plaintiff(s).

Plaintiff seeks, for herself and a class, monetary relief in the form of damages for the fees assessed prior to the disclosure of such fees together with injunctive relief requiring Ocwen refrain from charging fees for making online payment prior to disclosing the existence and amount of such fees. Ocwen disputes that it failed to disclose the fee or that Plaintiff is entitled to class certification or any damages, injunctive relief, or other relief.

## 2.      Mandatory Initial Discovery (Pilot Program)

      a.      Acknowledge familiarity with the Mandatory Initial Discovery Standing Order.

The Parties acknowledge their familiarity with the MIDSO.

      b.      Confirm compliance with the mandatory initial discovery responses, or state the deadline for responses (30 days after filing of the answer).

To the extent the Motion to Remand is denied, the Parties will provide responses 30 days after filing of the answer.

      c.      Briefly describe any disputes concerning the mandatory initial discovery responses.

Plaintiff disputes the existence of federal jurisdiction and thus does not believe that the Court should require compliance with the mandatory initial discovery responses. Ocwen agrees with Plaintiff's position in this regard.

## 3.      Pending Motions and Case Plan

a.      Identify all pending motions

Plaintiff has filed a Motion to Remand (dkt. 11) which is being briefed.

b.      Submit a proposal for a discovery plan, including the following information:

i.      The general type of discovery needed;

Discovery the amount of money assessed by Ocwen for the specific fee change challenged in this lawsuit, Owen's disclosure of the fee and attempts to notify customers of the fee, Owcen's communications with Plaintiff, Plaintiff's payment of the fee, Ocwen's maintenance of data regarding who was charged such fees, and discovery regarding similar class and merit-based issues.

ii.      A date for Rule 26(a)(1) disclosures;

14 days following an Order on Plaintiff's Motion to Remand.

iii.      A date to issue written discovery;

No later than 30 days prior to the close of fact discovery completion. Such discovery may be served via email to counsel.

iv.      A fact discovery completion date;

Plaintiff's Position: Plaintiff has pleaded this case as an alleged class action. Should her Motion to Remand be denied, Plaintiff proposes an eight (8) month period to conduct discovery related to class certification issues. The first 6 months will focus on fact issues related to certification and the last 2 months should focus on any class experts. Thereafter Plaintiff will move for class certification, and the Parties will brief the issues. Following a ruling on certification the Court should hold a subsequent case management conference to set deadlines for the completion of any merits-based discovery, filing dispositive motions, setting a pre-trial conference, and a date for trial.

Defendant's Position: Ocwen feels strongly that it has several complete defenses on the merits of Plaintiff's individual claim, and requests an opportunity to present those defenses prior to the commencement of expensive and potentially wasteful class discovery. If the Court is open to this approach, Ocwen would confer with Plaintiff and the Court about merits-based fact discovery within a matter of months and promptly moving for summary judgment. If the Court prefers to proceed immediately to class discovery, then Ocwen requests eight months to class-based fact discovery, and four months for staggered class-based expert discovery, with certification proceedings to follow.

v.      If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports;

3

Plaintiff's Position: Should this case stay before this Court Plaintiff proposes an eight (8) month period to conduct discovery related to class certification issues. The first 6 months will focus on fact issues related to certification and the last 2 months should focus on any class experts

Defendant's Position: Ocwen proposes a four month expert discovery period to follow the completion of class-based fact discovery, whenever that may occur based on the issues described above.  Ocwen requests staggered disclosure and depositions.

Vi.    A date for the filing of dispositive motions.

This should be set at the case management conference following a decision on Plaintiff's Motion for Class Certification (which itself should follow an 8-month discovery period).

Should this case remain in this Court, and if the complaint survives Ocwen's anticipated motion to dismiss for failure to state a claim, Ocwen proposes to promptly complete merits-based fact discovery and move for summary judgment within six months following an order denying the forthcoming motion to dismiss the case in its entirety and with prejudice.

c.    With respect to trial, indicate whether a jury trial is requested and the probable length of trial.

2-4 days.

**4. Consent to Proceed Before a Magistrate Judge**

a.    Indicate whether the parties consent unanimously to proceed before a Magistrate Judge.

The Parties do not unanimously consent to proceed before a Magistrate Judge.

**5. Status of Settlement Discussions**

a.    Indicate whether any settlement discussions have occurred;

Yes. The focus of the Parties early discussions has been on achieving an early resolution.

b.    Describe the status of any settlement discussions; and

Counsel for the Parties have discussed a settlement structure, and Plaintiff's counsel has provided an initial demand to Defense Counsel. Defendant's counsel is conferring with his client regarding the demand.

c.    Whether the parties request a settlement conference.

4

The Parties do not request a settlement conference at this time.

Respectfully submitted,

/s/_____Steven L. Woodrow
Steven L. Woodrow
swoodrow@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

/s/_____Simon Fleischmann_____
Simon Fleischmann (6275929)
Locke Lord LLP
111 South Wacker Drive
Chicago, Illinois 60606
312-443-0462
Sfleischmann@lockelord.com